UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CIVIL ACTION NO. 08-CV-7-HRW

ROBERT E. CARRIE                                                    PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON, *Warden*                                             RESPONDENT


Robert E. Carrie, who is incarcerated in the Federal Correctional Institution located in Ashland, Kentucky ("FCI-Ashland"), has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  He has paid the $5.00 filing fee [Record No. 5] .

This matter is before the Court for screening.  28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

*Pro se* petitions are held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, under 28 U.S.C. §1915(e)(2), the district court can dismiss a case at any time if it determines the action:  (I) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

### CLAIMS

---

[1]

He has named Brian Patton, the Warden of FCI-Ashland, as the respondent in this action.

Petitioner seeks release from custody. Petitioner states that in 1997, he was convicted in the United States District court for the Southern District of Indiana of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He further states that his sentence was enhanced under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  Petitioner states that he received a 180-month sentence, plus a 60 month term of supervised release.

Petitioner argues that he is actually innocent of the charges for which he was convicted. In support of that claim, the petitioner cites to the case of *Shepar*d v. United States, 544 U.S. 13 (2005).  In *Shepard*, the Supreme Court addressed the extent to which information about prior convictions based on guilty pleas may be considered by a later sentencing court when determining the applicability of the ACCA to convictions obtained under 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).

The Supreme Court held that for purposes of the ACCA, a sentencing court was not permitted to look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted and supported a conviction. The Court limited the evidence a sentencing court may rely on to enhance punishment under the ACCA to: (1) the terms of the charging documents; (2) a statement of the factual basis for the earlier charges shown by a transcript of the plea colloquy; (3) a written plea agreement presented to the earlier court; or (4) a record of comparable findings of fact adopted by the defendant before entering the plea. *See Shepard*, 544 U.S. at 13.

Petitioner Carrie alleges that the trial court made no finding that his prior burglary offenses, which formed the basis of his ACCA enhancement, were violent felonies.  He alleges

2

that absent such a finding, and in the absence of his admission that the convictions were violent

felonies, his federal conviction now runs afoul of the *Shepard* decision and is in contravention

of the Due Process Clause of the Fifth Amendment of the United Sates Constitution.

DISCUSSION

Petitioner Carrie's challenge is not cognizable through a habeas corpus petition pursuant

to 28 U.S.C. § 2241.  Section 2241 may be used by a prisoner to challenge decisions affecting

the manner in which his sentence is being carried out, such as the computation of sentence

credits or parole eligibility.  *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

It is not generally available to challenge his conviction or sentence itself.  Instead, a

federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a

post-conviction motion under 28 U.S.C. § 2255 with the trial court.  *Capaldi v. Pontesso*, 135

F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of Section 2255 does permit a prisoner to seek habeas corpus relief

under Section 2241 if his remedy under Section 2255 "is inadequate or ineffective" to test the

legality of his detention.  28 U.S.C. §2255, ¶5.  Section 2255 is not, however,  an "inadequate

and ineffective" remedy where a prisoner presented has presented his claim in a prior post-

conviction motion under Section 2255 and was denied relief.  *Charles v. Chandler*, 180 F.3d

753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Section 2255 is an "inadequate and ineffective" remedy only where the petitioner presents

a viable claim of "actual innocence."  *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004).

An "actual innocence" claim does not arise from mere technical or procedural errors committed

during the course of trial or sentencing, nor is it based upon the sufficiency of the evidence

3

adduced at trial.  Rather, to state a viable "actual innocence" claim, the petitioner must point to

a Supreme Court decision, decided after his conviction became final, which indicates that his

ostensibly criminal conduct does not, in fact, violate the terms of the criminal statute under

which he was convicted as re-interpreted by the Supreme Court.  *Martin v. Perez*, 319 F.3d 799,

804 (6th Cir. 2003); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished

disposition) ("Although this court has not determined the exact scope of the savings clause, it

appears that a prisoner must show an intervening change in the law that establishes his actual

innocence in order to obtain the benefit of the savings clause.").

Petitioner Carrie does not make such a claim.  To the extent that the Petitioner relies on

*Shepard* in arguing that the trial court improperly enhanced his 1997 sentence, his reliance on

that case is misplaced.  While the Sixth Circuit has not addressed *Shepard*'s retroactivity on

collateral review, other district courts in this circuit have held that *Shepard* is not retroactively

applicable to cases on collateral review.  *See Blewett v. United States*,  2006 WL 2375605, *1

(W. D. Ky., August 14, 2006) (not reported in F. Supp. 2d) ("This Court agrees . . . that *Shepard*

is not retroactive to cases on collateral review. First . . . the Supreme Court has not given any

indication that *Shepard* applies retroactively. Second, any rule established by *Shepard* is at most

procedural, so it would have to be a watershed change in criminal procedure in order to apply

retroactively. *See Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004)."); *See also McAmis v.

United States*, 2006 WL 208582 (E.D. Tenn., January 24, 2006)(not reported in F. Supp. 2d) ("In

any event, *Shepard* has not been made retroactive on collateral review . . .").[2]

---

[2]

Other circuits have reached the same result. *See also United States v. Armstrong*, 151 Fed.
Appx. 155, 157 (3d Cir.2005) ("*Shepard* has not been made retroactive by the Supreme Court.");
and *United States v. Davis*, 133 Fed. Appx. 916 (4th Cir.2005) (movant had not asserted a claim

Accordingly, *Shepard* does not assist the petitioner in this *collateral* challenge. Petitioner Carrie was not convicted of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. Because his claim is not cognizable in a habeas corpus proceeding under Section 2241, *Bousley v. United States*, 523 U.S. 614, 620 (1998), his petition must be denied.

<u>CONCLUSION</u>

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)     Petitioner Carrie's petition for a writ of habeas corpus [Record No. 2] is **DENIED.**

(2)     This action is **DISMISSED** from the docket of the Court.

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This February 13, 2008.



Signed By:

<u>Henry R Wilhoit Jr.</u>

United States District Judge

---

based on "a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review.").